UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SPT CHATSWORTH HOLDINGS, L.L.C.,

                Plaintiff,

        -against-

CHATSWORTH REALTY CORPORATION,
et al.,

                Defendants.
-----------------------------------------------------------x

20-cv-8502 (PKC)

ORDER

CASTEL, District Judge:

        Federal courts are courts of limited jurisdiction. See, e.g., Gunn v. Minton, 568 U.S. 251, 256 (2013). "An argument that subject-matter jurisdiction is lacking may be raised at any time, by any party, or even sua sponte by the court." Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 140 (2d Cir. 1999).

        Plaintiff SPT Chatsworth Holdings, L.L.C. ("SPT") is alleged to be a limited liability company ("LLC"), the sole member of which is SPT Real Estate Capital, LLC, whose sole member, in turn, is alleged to be a Maryland corporation with its principal place of business in Connecticut. (Compl't ¶¶ 1, 11.) Plaintiff therefore is alleged to be a citizen of Maryland and Connecticut.

        Defendants include five LLCs, one corporation and two natural persons. The citizenship of all defendants is alleged upon information and belief. The citizenship of the five LLC defendants is not adequately alleged. Non-party HFZ West 72nd Street Investments LLC is alleged to be the sole member of HFZ 344 West 72nd Street Holdco LLC, which is alleged to be the sole member of defendant HFZ 344 West 72nd Street Mezz LLC, which is alleged to be the sole member of defendant HFZ 344 West 72nd Street LLC. (Compl't ¶ 13.) The citizenship of

the members of non-party HFZ West 72nd Street Investments LLC is not alleged: the Complaint only alleges, upon information and belief, that its members are not citizens of Maryland or Connecticut.  The citizenship of the members of defendant HFZ 344 West 72nd Street Two LLC is not alleged.  The membership of H F Z Capital Group LLC is alleged, upon information and belief, to consist of a New York trust and of defendants Ziel and Helene Feldman, who are alleged, upon information and belief, to be New York citizens.  (Compl't ¶¶ 15-16.)

A complaint premised on diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.  See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members."); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.  While a plaintiff may make allegations upon information and belief, those allegations must be accompanied by a statement of the facts upon which the belief is founded.  See, e.g., Boehm v. SportsMem, LLC, 2019 WL 3239242, at *2 (S.D.N.Y. July 18, 2019) (Furman, J.).

Within seven days of this Order, plaintiffs may serve upon the LLC defendants an interrogatory limited to the citizenship of all natural persons who are their members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business.  Plaintiffs may separately serve interrogatories on Ziel and Helene Feldman as to their states of citizenship.  Defendants shall have seven days to respond to the interrogatory.

Within thirty days of this Order, the plaintiff shall amend its complaint to allege the citizenship of each defendant, or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
October 19, 2020